IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ONP, LLC d/b/a LAKEVIEW
TRAILS APTS.,

    Plaintiff,

v.

MAGDALENA WILCOX and ALL
OTHER OCCUPANTS,

    Defendants.

1:14-cv-669-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] ("R&R"), which recommends remanding to state court this dispossessory action that Defendant Magdalena Wilcox ("Defendant") wrongfully removed to this Court.

**I.    BACKGROUND**

This is a dispossessory action filed by Plaintiff ONP, LLC d/b/a Lakeview Trails Apts. ("Plaintiff") against Defendant in the Magistrate Court of Clayton County, Georgia. On March 7, 2014, Defendant removed the case to this Court by filing her "Petition for Removal of Action" and an application to proceed *in forma pauperis* ("IFP Application"). Defendant asserts that, in attempting to evict

Defendant from her home, Plaintiff violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., the Federal Rules of Civil Procedure, and the Due Process Clause of the Fourteenth Amendment.

On April 7, 2014, Magistrate Judge Walker granted Defendant's IFP Application.  Judge Walker also considered *sua sponte* the question of federal jurisdiction and issued her R&R recommending that the Court remand this case to state court.  The R&R concludes that federal question jurisdiction is lacking because there is no indication that this case is brought pursuant to federal law, and a defense or counterclaim based on federal law is insufficient to confer federal subject-matter jurisdiction.  The R&R also concludes that diversity jurisdiction is lacking because there is no indication that the parties have diverse citizenship or that the amount in controversy exceeds $75,000.  For these reasons, the Magistrate Judge concluded that there is no federal jurisdiction over this cause of action and that the case is required to be remanded to state court.

Neither party filed objections to the R&R.

**II.   DISCUSSION**

    A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify a magistrate

judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

    B.    Analysis

Defendant has not filed an objection to the R&R's conclusion that the Court lacks subject matter jurisdiction over this action.  The Court does not find any error in that conclusion.  The Court lacks federal question jurisdiction over this matter because a federal question is not presented on the face of Plaintiff's Complaint, and Defendant's assertions of defenses or counterclaims based on federal law cannot confer federal subject matter jurisdiction over this matter.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 830-32 (2002).  The Court also lacks diversity jurisdiction over this matter because Defendant has not demonstrated that she and Plaintiff are citizens of different states or that the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332(a); see also Williams v. Best Buy Co., 269

F.3d 1316, 1319 (11th Cir. 2001) (holding that the defendant must establish the basis for diversity jurisdiction over a removed action).  Because the Court lacks subject matter jurisdiction over this matter, the action is required to be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Linda T. Walker's Final Report and Recommendation [3] is **ADOPTED**.  The Clerk is **DIRECTED** to **REMAND** this action to the Magistrate Court of Clayton County, Georgia.

**SO ORDERED** this 30th day of May, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE